### WILLIAMS *et al.* v. SCHOOL DIST. NO. 80.

No. 6467.   Opinion Filed February 8, 1916.

(155 Pac. 515.)

**REVIEW ON APPEAL.** Record examined, and the same supports the judgment of the lower court, and this cause is affirmed.

(Syllabus by Hooker, C.)

*Error from Superior Court, Pottawatomie County; George C. Abernathy, Judge.*

Action by J. R. Williams and others against School District No. 80 and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*T. G. Cutlip,* for plaintiffs in error.

*Roscoe C. Arrington* and *R. Park Wyatt,* for defendants in error.

Opinion by HOOKER, C.  The plaintiffs in error instituted this suit to enjoin the issuance and sale of bonds of school district No. 80, which had been voted for the

purpose of building a schoolhouse, and to pay the salaries
of teachers in school district No. 80. After the issues
were made in the lower court the cause was tried, and
judgment was rendered for the defendants in error deny-
ing to the plaintiffs in error the relief sought. Motion
for a new trial was filed and overruled, and an appeal was
taken to this court.

There are only two assignments of error presented
by the plaintiffs in error in their brief, viz.: First, that
the court erred in not granting to the plaintiffs in error
a new trial; second, that the court erred in admitting in-
competent testimony prejudicial to the rights of the plain-
tiffs in error, and that upon this incompetent testimony
the court found that the school board had jurisdiction to
call the bond election.

By way of explanation it might not be amiss to
relate the history of this case. It appears from the
record that the case-made was changed by some one
between the time that the same was signed and certified
to by the trial judge and its filing in the office of the
clerk of this court. This change was very detrimental
to the rights of the defendants in error; for the very
foundation of this suit and the basis of the attack made
by the plaintiffs in error is that the school board lacked
jurisdiction to call the election, as provided by statute,
for the purpose of voting bonds, and the case-made, as
it was originally made and signed by the trial judge,
contained a correct transcript of the petition, with the
names of more than one-third of the qualified electors
of the district attached thereto, and when the same was
filed in this court the transcript showed less than one-
third of the names of said electors. Upon proper motion

this court permitted the defendants in error to correct this case-made so as to show the true state of facts, and the record as it now appears shows that the petition filed with the school board, constituting the basis of their authority to call the election, contains a majority of the qualified electors within said school district.

It is apparent that the two errors urged by the plaintiffs in error are based upon the state of the record as the case-made existed when this cause was filed in this court, and, since the record has been amended so as to show that the school board had filed with it the proper petition, signed by more than one-third of the qualified electors of said school district, the record itself is a full, complete, and a sufficient answer to the contentions of the plaintiffs in error.

We therefore hold that the trial court did not commit error in refusing to grant a new trial, nor in admitting the evidence complained of, and the judgment of the lower court should be affirmed.

By the Court: It is so ordered.